## UNITED STATES *v.* BARTOW.*

*(Circuit Court, S. D. New York. February 18, 1882.)*

1. INDICTMENT UNDER SECTION 5392, REV. ST.—PERJURY—BANK OFFICER'S RE-PORT.

   The oath of a cashier of a national bank, in a report to the comptroller of the currency, is a declaration within the meaning of section 5392, Rev. St.; as such report, so verified, is required by the provisions of section 5211.

2. SAME—SAME—SAME—CERTAINTY OF PLEADING.

   Where the indictment contained the averment that such report was "made to the comptroller of the currency, and verified, as aforesaid, as by law required," *held*, upon a motion to quash, that such averment was sufficiently certain to sustain the indictment.

BENEDICT, D. J. This case comes before the court upon a motion to quash made after plea. It cannot, therefore, prevail unless the insufficiency of the indictment is so palpable as to satisfy the mind that no judgment can be rendered in case of conviction. The offence sought to be charged is the offence created by section 5392 of the Revised Statutes. The act charged is the verification of a report of the condition of the National Bank of Fishkill by the accused as cashier of such association. The method of framing the indictment is far from satisfactory. Still, I think it not impossible to consider the language employed sufficient after verdict to sustain a finding that the accused took an oath that a report of the condition of the National Bank of Fishkill subscribed by him is true, and wilfully and contrary to his oath stated in such report material matter which he did not believe to be true. Such a report is, in my judgment, a declaration within the meaning of section 5392.

The laws of the United States, § 5211, require every national bank to make to the comptroller of the currency not less than five reports during each year, according to the form which may be prescribed by him, verified by the oath or affirmation of the president or cashier of the association. In this indictment there is no specific averment that the report in question was made in pursuance of a request or requirement of the comptroller, or according to a form prescribed by the comptroller; nor is there any averment that the comptroller ever requested a report from the National Bank of Fishkill. Because of this omission it is said that no offence is charged, inasmuch as the offence created by section 5392 can only be committed in a case in which a law of the United States authorizes an oath to be administered.

*Reported by S. Nelson White, Esq., of the New York bar.

But the act charged is the taking of the oath. The circumstances under which the oath was taken are introduced to show that the oath was authorized by law. Matter showing that the report which the accused verified by his oath was made in pursuance of a request from the comptroller of the currency, and in accordance with a form prescribed by him, would be, therefore, matter of inducement, and inducement does not, in general, require exact certainty. This indictment contains the averment that the report in question was "made to the comptroller of the currency and verified, as aforesaid, as by law required." I am not prepared to say that authority cannot be found for holding such an averment in regard to such matter sufficient after verdict to warrant judgment on the conviction. See *Rex* v. *Salisbury*, 4 T. R. 451; *Rex* v. *Bidwell*, 1 Den. C. C. 222.

The motion to quash is accordingly denied.